IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv362

| | |
|---|---|
| **CHARLES LAMAR BULLARD,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **ROSEBORO** |
| Vs. ) | **ORDER** |
| ) | |
| ) | |
| **UNITED STATED OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before this Court upon respondent's Motion for Summary Judgment, filed on March 31, 2010. (Doc. No. 7). Such motion incorporates therein the government's Response (Doc. No. 6) to the petition, which is supported by exhibits including what appears to be a copy of a search report created by the Cleveland County Sheriff's Office and petitioner's brief on direct appeal. (Doc. No. 6 Response, at Ex. 1, 2).

The Court of Appeals for the Fourth Circuit has made very clear to the trial courts the necessity of not only advising a *pro se* litigant of his right and obligation in responding to a summary judgment motion that is supported by evidentiary material, but in advising the litigant of the *manner* in which responsive evidentiary materials must be filed:

-1-

> As a general rule, if materials "outside the pleading[s] are presented to and not excluded by the court, the motion shall be treated as one for summary judgment ..., and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed.R.Civ.P. 12(b); *see Gay v. Wall*, 761 F.2d 175, 177-78 (4th Cir.1985). Citing, *inter alia*, Richardson's failure to present evidence, the district court granted Freedom's motion. The district court did not provide Richardson with the notice required by *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir.1975). *Roseboro* prohibits the entry of summary judgment based on a *pro se* party's failure to submit affidavits supporting her allegations unless such party is given a reasonable opportunity to file counter-affidavits or other appropriate materials and is informed that failure to file such a response may result in dismissal of the action. *Id.* Although Richardson responded to Freedom's motion, she did not submit any affidavits in support of her claims. The district court granted Freedom's motion, in part, based on Richardson's failure to produce such supporting evidence. On this record, we cannot find that the district court's failure to provide Roseboro notice was harmless error. *See* Fed.R.Civ.P. 61; Fed.R.Civ.P. 56(e). We therefore vacate that part of the district court's order granting summary judgment to Freedom and remand this case to the district court with instructions to provide Richardson with the notice and opportunity to respond to which she is entitled.

Richardson v. Powel, 166 Fed.Appx. 700, 701-702, 2006 WL 372433, 1 (4th Cir. 2006). While Exhibit 1 has not been presented in an admissible form,[1] material outside the pleadings has been presented and not, at least initially, excluded, which the Court finds requires providing petitioner with a Roseboro notice in an abundance of caution.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the

---

[1] Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993)("To be admissible at summary judgment stage, 'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).'" (citation omitted)).

Court advises petitioner, who is proceeding *pro se*, of the heavy burden that he carries in responding to respondent's Motion for Summary Judgment. Rule 56(e)(2), Federal Rules of Civil Procedure, provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against the adverse party.

Fed.R.Civ.P. 56(e)(2). This language means that if the petitioner has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this Court in a form which would otherwise be admissible at trial, that is, in the form of affidavits or unsworn declarations. An affidavit is a written statement sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or sworn statements must be presented by petitioner to this Court within thirty (30) days of the entry of this Order. As stated by Rule 56(e)(2), petitioner's failure to respond may result in granting summary judgment to respondent, that is, the dismissal of the Motion to Vacate with prejudice.

The Court notes that it is in receipt of petitioner's April 27, 2010, response, which was filed before petitioner was advised under <u>Roseboro</u>. In accordance with the terms of this Order, petitioner may now file a new response supported by any evidentiary materials he believes the Court should consider.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner has thirty(30) days from the entry of this Order to file his response, including any evidence, to respondent's Motion for Summary Judgment.

The Clerk is directed to send copies of this Order and Notice to the parties, including petitioner Charles Lamar Bullard, 20601-058, Lee US Penitentiary - Satellite Camp, PO Box 644, Jonesville, VA 24263.

Signed: September 7, 2010

Robert J. Conrad, Jr.
Chief United States District Judge